*In re* COX ESTATE.

TOUMA *v.* ALLEN.

1. Wills—Admission to Probate—Contests—Burden of Persuasion.

Contestants of a will must prove by a preponderance of the evidence that the will should not be admitted to probate for 1 or more of the reasons enumerated in their objections in order to prevent probate of the will.

2. Same—Contests—Undue Influence.

Undue influence on testator is that influence which prevents him from doing what he pleases with his property.

3. Same—Contests—Undue Influence—Sufficiency of Evidence.

Evidence which establishes only that there was an opportunity for the exercise of undue influence is not sufficient to affect the validity of a will.

4. Same—Contests—Burden of Persuasion.

Review of record presented *held,* not to be convincing that contestants of a will bore the burden of proving the invalidity of the will because of undue influence, where record showed only that will was drafted by an attorney who was a vestryman of the church which was the principal beneficiary of the will, that rector of the church stood in a confidential relationship to testatrix but not that rector influenced her and that testatrix's landlady immediately before her death was a member of the church.

---

References for Points in Headnotes

[1] 57 Am Jur, Wills §§ 854, 855.
[2] 57 Am Jur, Wills § 350.
[3] 57 Am Jur, Wills §§ 386, 387.
[4] 57 Am Jur, Wills §§ 386, 387, 402.
  Presumption and burden of proof as to undue influence on testator. 66 ALR 228, s. 154 ALR 588.

Appeal from St. Clair, Streeter (Halford I.), J. Submitted Division 2 May 8, 1968, at Lansing. Docket No. 3,939.) Decided August 28, 1968. Leave to appeal granted by Supreme Court December 19, 1968. 381 Mich 795.

Petition by Said M. Touma and Helen Taylor, executors of the estate of Harriet M. Cox, deceased, in the probate court for the county of St. Clair for the probate of her will. Clarence Allen and Lillian Allen Grice objected to the petition. Proceedings were certified to the circuit court for the county of St. Clair for jury trial. Verdict and judgment for contestants. Proponents appeal. Reversed.

*Wilbur S. Davidson,* for proponents.

*Richard E. Meden* (*William E. Bolle,* of counsel), for contestants.

QUINN, J. This is an appeal from a will contest action which resulted in jury verdict favorable to contestants, cousins of the testatrix, Harriet M. Cox. The jury verdict was that the will "should be set aside by reason of influence", and judgment entered thereon. Proponents' (the executors) motion for judgment notwithstanding the verdict or for new trial was denied, and they appeal the judgment of the trial court.

The basic issue presented is whether the evidentiary record supports the verdict. The other issue raised relates to the form of the verdict.

Harriet M. Cox died September 3, 1965 at age 98. She left no issue, and her only relatives were 2 cousins, the contestants. Her last will was dated August 21, 1965, and, among other things, it bequeathed $500 to each cousin, $500 to the Salvation Army, $200 to an Episcopal church in Hazel Park and $200 to a Reverend Paisley. The remainder

of her estate was left in memory of her father, mother, brother and sister to Grace Episcopal Church of Port Huron to be used for such church purposes as the rector and vestry of said church shall determine. This materially altered the prior will of Harriet M. Cox executed in December of 1955, which provided for several nominal bequests, including $500 to Grace Episcopal Church, with the residue of the estate to contestants.

Contestants asserted several grounds for not admitting the will of August 21, 1965 to probate, but the only ground litigated was undue influence. At trial, proponents proved due execution of the will by a mentally competent person and rested. It then became the burden of contestants to prove by a preponderance of evidence that the will should not be admitted to probate for some one or more of the reasons enumerated in their objections, *In re McIntyre Estate* (1959), 355 Mich 238; in this instance, influence that prevented Harriet M. Cox from doing as she pleased with her property. *In re Spillette Estate* (1958), 352 Mich 12. It is in this context, that we examine the record in Cox.

Contestants called as their first witness Mr. Lees, rector of Grace Episcopal Church, and established that he stood in a confidential or fiduciary relationship to testatrix, a fact conceded at oral argument by proponents. Mr. Lees' testimony did not establish that he influenced testatrix in any way, but as stated by contestants' counsel at trial:

"We did not intend to prove from his testimony that he exerted any conscious, overt act to influence Miss Cox. However, I am sure the court will agree that in his situation in going to the home, that undue influence may have been indicated on his part through indirect means."

Mr. Lees was not a beneficiary under the will.

Contestants called as their other witnesses a long-time friend of Miss Cox, Margaret Baker, and the 2 contestants, but this testimony did not establish that anyone influenced Miss Cox in the disposition of her estate. At most, it established that there was the opportunity for the exercise of undue influence, but this is not sufficient to affect the validity of the will. *In re Alvord's Estate* (1932), 258 Mich 497.

The record establishes that the drafter of the will was attorney for testatrix upwards of 10 years; that the attorney was a long-time member of Grace Episcopal Church and a vestryman of that church at the time the 1965 will was executed. The record negates any solicitation by the church, its agents or members to obtain the estate of Harriet M. Cox, or any part of it, for the church. The record further indicates that the provisions of the 1965 will were in accordance with the specific directions of the testatrix who requested her attorney to change her 1955 will. The attorney was not a beneficiary under the will.

The only other item of proof relating to this question of undue influence was that Rachel Yeo, testatrix's landlady for 14 months prior to death, was a member of Grace Episcopal Church, but she was not a beneficiary under the will.

The record further discloses that Miss Cox was a long-time member of Grace Episcopal Church and had known Mr. Lees 13 years. Miss Cox was infirm physically but alert mentally, strong-willed and not easily influenced.

On the authority of *In re Hartlerode's Estate* (1914), 183 Mich 51, as extended by *In re Wood Estate* (1965), 374 Mich 278, contestants argue that there arose a presumption of undue influence sufficient to take the case to the jury even in the face of direct testimony establishing that there was no influence at all, let alone undue influence. This con-

tention is based on the fact that there was a confidential relationship established between Mr. Lees, who represented the church that was a beneficiary under the will, and the testatrix; and is augmented by the attorney-client relationship of the drafter of the will, who was also a member and vestryman of the church beneficiary, and the fact that the landlady of testatrix her last months of life was a member of the same church.

We do not so read these cases. Factually, *Hartlerode, supra,* is distinguishable. There the testatrix was a stranger to the church and the minister; she was weak, changeable and easily influenced; and the minister was a contingent beneficiary. Legally, the case stands for the proposition that absent rebutting testimony, establishment of a confidential relationship between the minister and testatrix and that the church which the minister represented was a beneficiary under the will created a presumption of undue influence sufficient to take the question to the jury. The minister in *Hartlerode* did not testify. In Cox, the minister testified as contestants' witness and negated the presumption.

*In re Wood Estate, supra,* does not sustain contestants' position. There the confidante was a beneficiary under the will and the language "and interests which she represented" is dictum. It is only on the basis of this dictum that *Wood* can be said to sustain contestants' position in Cox.

Assuming, *arguendo,* that contestants' position above noted is correct, a review of this record does not convince us that contestants sustained the burden that was theirs under *McIntyre, supra,* to prove the invalidity of the will because of undue influence. It was the right of Miss Cox to make such disposition of her property as she saw fit, notwithstanding the fact that a jury or others might have preferred a

different disposition of her property. *In re Alvord's Estate, supra.*

In view of the conclusion that we have reached, we find it unnecessary to comment on the issue relating to the form of the verdict beyond stating that the trial court should have required the jury to clarify its verdict as was requested by proponents.

Reversed and judgment may enter for proponents with costs.

Lesinski, C. J., and Moody, J., concurred.